UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUNNE KYOO KOH,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | CASE NO. C16-0291JLR-BAT<br><br>ORDER DENYING IFP STATUS ON APPEAL |

### I.　　INTRODUCTION

This matter comes before the court on the second Report and Recommendation of United States Magistrate Judge Brian A. Tsuchida (2d R&R (Dkt. # 13)), and Petitioner's objections thereto (2d Obj. (Dkt. # 14)). Having carefully reviewed all of the foregoing, along with all other relevant documents, and the governing law, the court ADOPTS the Report and Recommendation (Dkt. # 13) and DENIES Mr. Koh's motion for leave to proceed *in forma pauperis* ("IFP") on appeal.

## II. STANDARD OF REVIEW

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the report and recommendation to which the petitioner makes a specific written objection. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.* When no objections are filed, the court need not review de novo the report and recommendation. *Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). Because Petitioner is proceeding *pro se*, this court must interpret his objections liberally. *See Bernhardt v. L.A. Cty.*, 339 F.3d 920, 925 (9th Cir. 2003).

## III. BACKGROUND & DISCUSSION

On March 8, 2016, Petitioner filed a 42 U.S.C. § 2241 petition for writ of habeas corpus challenging his pretrial detention in his ongoing criminal case. (Petition (Dkt. # 3).) Petitioner was subsequently found guilty of a felony offense, *see United States v. Junne Kyoo Koh*, No. CR15-0098RSM (W.D. Wash.), Dkt. # 88, and on March 17, 2016, the court sentenced sentenced Petitioner to 60 months of incarceration, *id.*, Dkt. ## 87-88.

On March 17, 2016, Magistrate Judge Thuchida submitted his first Report and Recommendation in this matter recommending dismissal of Petitioner's 42 U.S.C. § 2241

petition for writ of habeas corpus without prejudice. (1st R&R (Dkt. # 4).) Petitioner filed an objection (1st Obj. (Dkt. # 5)), but the court ultimately adopted Magistrate Judge Tsuchida's Report and Recommendation (Order (Dkt. # 7)). The court agreed with Magistriate Tsuchida that Petitioner's 28 U.S.C. § 2241 petition was improper. (*Id.* at 2.) To the extent Petitioner sought review of his conviction, his petition was premature and should have been brought under 28 U.S.C. § 2255. (*Id.*) Further, Petitioner was not challenging the manner, location, or conditions of the execution of a sentence as required under 28 U.S.C. § 2241, and to the extent he was challenging his pretrial detention order, the issue was moot as he now had been sentenced in his criminal case.[1] (*Id.*) On April 6, 2016, the court entered judgment dismissing Petitioner's habeas petition without prejudice. (Judgment (Dkt. # 8).) On May 2, 2016, Petitioner filed a notice of appeal. (Not. of App. (Dkt. # 10).)

On May 19, 2016, Petitioner filed a motion for leave to proceed IFP on appeal. (IFP Mot. (Dkt. # 12).) On June 6, 2016, Magistrate Tsuchida submitted a second Report and Recommendation in this matter recommending that the court deny Petitioner's motion to proceed IFP on appeal. (2d R&R.) Federal Rule of Appelate procedure 24(a)(3)(A) permits a litigant who was previously permitted to proceed IFP to maintain

---

[1] A challenge to pretrial detention becomes moot once the petitioner has finished serving that detention. *See Barker v. Estelle*, 913 F.2d 1433, 1440 (9th Cir. 1990); *James v. Reese*, 546 F.2d 325, 328 (9th Cir. 1976). A petitioner's conviction moots the challenge to the prior detention even if the petitioner is currently incarcerated under the conviction itself. *See Barker*, 913 F.2d at 1440; *see also Burnett v. Lampert*, 432 F.3d 996, 999-1001 (9th Cir. 2005) (affirming dismissal of habeas petition as moot where petition for illegal confinement was brought before prisoner was paroled and dismissed after prisoner was reimprisoned for a parole violation).

that status on appeal unless the district court certifies that the appeal is not taken in good faith or finds that the party is otherwise not entitled to proceed IFP. (2d R&R at 2 (citing Fed. R. App. P. 24(a)(3)(A)).) Magistrate Judge Tsuchida noted that Petitioner was not granted leave to proceed IFP in this court. (*Id.*) Further, Magistrate Judge Tsuchida found that Petitioner's appeal was not taken in good faith. (*Id.*) Indeed, his petition was either moot with respect to his pre-trial detention or premature with respect to his conviction and sentence because his direct appeal challenging his sentence is still pending.

Petitioner filed objections to Magistrate Judge Tsuchida's second Report and Recommendation on June 24, 2016. (2d Obj. (Dkt. # 14).) Petitioner's objections to Magistrate Judge Tsuchida's second Report and Recommendation are virtually identical to the objections he submitted to Magistrate Judge Tsuchida's first Report and Recommendation. (*Compare* 2d Obj. *with* 1st Obj.) Petitioner's objections do not raise any novel issues that were not already addressed by both of Magistrate Judge Tsuchida's Reports and Recommendations. Moreover, the court has thoroughly examined the record before it and finds the Magistrate Judge's reasoning persuasive in light of that record. Petitioner essentially reargues arguments he already made to Magistrate Judge Tsuchida, and the court independently rejects those argujments for the same reasons as Magistrate Judge Tsuchida.

## IV. CONCLUSION

For the foregoing reasons, the court hereby ORDERS as follows:

(1) The court ADOPTS the Report and Recommendation (Dkt. # 13) in its entirety;

(2) The court DENIES Petitioner's motion to proceed IFP on appeal (Dkt. # 12);

(3) The court CERTIFIES that any IFP appeal by Petitioner from the court's order dismissing his 28 U.S.C. § 2241 habeas corpus petition (Dkt. # 7) would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3);

(4) The court DIRECTS the Clerk to notifiy Petitioner and the Ninth Circuit Court of Appeals of this order pursuant to Federal Rule of Appellate Procedure 24(a)(4);

(5) Petitioner may file a motion for leave to proceed IFP on appeal in the Ninth Circuit Court of Appeals within thrity (30) days after service of the notice of this order as prescribed in Federal Rule of Appellate Procedure 24(a)(4), *see* Fed. R. App. P. 24(a)(5); and

(6) The court DIRECTS the clerk to send copies of this order to Petitioner, to counsel for Respondent, and to Magistrate Judge Tsuchida.

Dated this 8th day of July, 2016.

JAMES L. ROBART
United States District Judge

ORDER- 5